UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RAPHAEL DRIVER,

    Petitioner,

        v.                               CAUSE NO. 3:20-CV-100-JD-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Raphael Driver, a prisoner without a lawyer, filed an amended habeas corpus petition challenging the disciplinary decision (ISP-18-10-8) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of battery in violation of Indiana Department of Correction Offenses 212. Following a disciplinary hearing, he was sanctioned with a loss of ninety days earned credit time, a demotion in credit class and restitution in the amount of one hundred ten dollars.

Driver argues that he is entitled to habeas relief because he did not receive adequate notice of the charges. He asserts that the conduct report did not identify the battery victim. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). The conduct report charges Driver with battery and reads as follows:

> On 9-28-2018, at approximately 3:09 pm, Offender Driver, Raphael 988808 is seen on camera running into CCH 114W. Offender Driver spends approximately one minute and 10 seconds inside of the cell. During this

> time you can see shadows and commotion moving around inside the cell. The offender who resides in this cell was later found inside MSU with several cuts and bruises, along with swelling to the facial and head areas. Offender Driver was also found with a t-shirt on with a couple drops of blood on the shirt. There was blood all over clothes and the walls in cell CCH 114. Offender Driver was identified [as] the offender running into the cell and running out of the cell on CCH West L-4 camera as being the one who assaulted another offender inside CCH 114 W.

ECF 10-1. The conduct report informs that Driver was charged with battery and the precise time, duration, and location of the battery incident. Notwithstanding the omission of any identification of the victim by name or by photograph, the conduct report adequately informed Driver of the charge of battery and the factual basis of the charge. Therefore, this claim is not a basis for habeas relief.

Driver argues that he is entitled to habeas relief because correctional staff denied his requests for evidence. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* At screening, Driver requested photographs of his wounds and shirt and "a clear image of [him] hitting someone." ECF 10-2. According to the Warden, correctional staff did not take photographs of Driver's wounds or shirt, nor did they have a clear image of Driver committing battery; in other words, the requested evidence did not exist. Because

correctional staff had a reasonable basis to deny these evidentiary requests, this claim is not a basis for habeas relief.

Finally, Driver argues that the hearing officer should not have sanctioned him with restitution in the amount of one hundred ten dollars. "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). Because this argument does not relate to the fact or duration of his sentence, this claim is not a basis for habeas relief.

Because Driver has not demonstrated that he is entitled to habeas relief, the habeas petition is denied. If Driver wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the amended habeas corpus petition (ECF 5);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Raphael Driver leave to proceed in forma pauperis on appeal.

SO ORDERED on May 5, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT